## Sparks v. Chesapeake & Ohio Railway Company.

(Decided May 5, 1916.)

### Appeal from Johnson Circuit Court.

Negligence—Assumption of Risk.—A section hand who boards an overcrowded hand car, knowing its overcrowded condition, assumes the risk of riding on it.

C. B. WHEELER and H. S. HOWES for appellant.

M. C. KIRK and WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was a member of a track crew at work on the Chesapeake & Ohio railroad.

On the morning of the accident complained of he joined the crew which came on a hand-car from one end of the section going toward the other end for the day's work; the hand-car was stopped and he boarded the same, there being on it at the time the section foreman and some twelve or thirteen other employes. After the car had gone some distance, it was stopped and one of the men directed to get off and place a flag as a signal, and when the man returned to the car it was started again. After it had gone a short distance the employe who had gotten off but had returned, staggered and started to fall from the car while it was in motion, and in his effort to grab hold of something to prevent his falling he took hold of appellant's coat tail and they both fell off the car, by reason of which, as alleged, appellant was injured.

The evidence shows that the car was probably overloaded, and that the men were crowded thereon, but also

shows that while that was an unusual number of men to be placed on such a hand-car, frequently that number or more rode on it.

The only negligence relied on is the alleged overcrowded condition of the car, there being nothing in the evidence to show any negligence in the operation of the car or any defect in the machinery thereof. The defendant pleaded contributory negligence and assumed risk, and the circuit court, at the conclusion of the plaintiff's evidence, upon motion of the defendant, directed a verdict in its favor.

All the evidence shows that at the time appellant boarded the car the conditions thereon were open and obvious, and he himself testifies that he was aware at the time that it was overcrowded, and there is no evidence to show that he complained of the overcrowded condition of the car or that the foreman directed him to board the car in spite of its overcrowded condition, which was plainly to be seen by him. If the car was overcrowded appellant had the option to decline to board it and walk to the place of work, which it is shown two other workmen did on that same morning.

The case of Bradshaw's Admr. v. L. & N. R. R. Co., 14 K. L. R. 638, was where a section hand was alleged to have fallen from a hand-car because of its overcrowded condition, but the petition failed to allege that Bradshaw did not know that the car was overcrowded. This court in affirming the judgment of the lower court sustaining a demurrer to the petition, said:

"It is not alleged that the intestate did not know that the car was 'overcrowded,' nor is there any inference to be drawn to that effect; on the contrary the inference is that if such was the fact he could and did see it and knew it. Such being the case, it was his right and duty to refuse to obey the orders of the section boss in that regard; but, as he elected to obey, he took the risk of the overcrowded condition of the car, and the appellee is not responsible for any injury to him caused thereby."

See also Fitzpatrick v. L. & N. R. R., 144 Ky. 465, where the Bradshaw case is quoted and approved.

The conditions being open and obvious to the appellant, and he knowing the overcrowded condition of the car when he boarded it, assumed the risk of riding on it, and cannot recover.

Judgment affirmed.